**Dated: May 17, 2010**

**The following is ORDERED:**



*Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | |
| **Bobby Rowe Energy, Inc.** | Case No. 09-81217-TRC |
| | Chapter 11 |
| Debtor. | |
| **Bobby Rowe Energy, Inc.**, | |
| Plaintiff, | |
| v. | Adversary No. 09-08030-TRC |
| **Jennifer Fisher**, | |
| Defendant. | |

O R D E R

There comes on for consideration before the Court Defendant's Motion for Summary Judgment and Combined Brief in Support (Docket Entry 23), Plaintiff's Response (Docket Entry 26), and Defendant's Reply (Docket Entry 30). After reviewing the briefs and record submitted, the Court determines that Defendant's Motion must be denied.

To prevail on a motion for summary judgment, the moving party must establish that there

is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Facts must be viewed in the light most favorable to the nonmoving party, but only if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

In this case, the Court finds that there is a genuine dispute regarding certain material facts. Determinations regarding a debtor's insolvency and reasonably equivalent value for purposes of § 548(a)(1)(B) are questions of fact. *Stillwater Nat'l Bank and Trust Co. v. Kirtley (In re Solomon)*, 299 B.R. 626, 632 (10th Cir. BAP 2003). The Court notes that the fair value of assets may be determined "by examining what assets are available and the value that could be realized for payment of debts." *Id*. at 638-639 (footnote omitted). The Court cannot make these factual determinations based upon the record presented on summary judgment. Accordingly, Defendant's motion must be denied, and the case shall proceed to trial as previously ordered.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Docket Entry 23) is **denied**, and this matter shall proceed to trial in accordance with this Court's previous Order and Notice of Trial (Docket Entry 31).

###